**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :
PRIME LIFE UNITED LLC,                                    :    **Civil Action No. 25-cv-5918**
                                                          :
                Plaintiff,                          :
                                                          :
    v.                                                  :    **COMPLAINT AND JURY TRIAL**
                                                          :    **DEMAND**
NATURAL ORGANICS, INC.; and                               :
ANTHONY NAPOLITANO,                                       :
                                                          :
                Defendants.                         :    *Electronically Filed*
                                                          :
--------------------------------------------------------- x

      Plaintiff Prime Life United LLC ("Plaintiff"), by and through its counsel, for its Complaint against Natural Organics, Inc. dba Nature's Plus ("Nature's Plus") and Anthony Napolitano ("Napolitano") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

      1.    Defendants are engaged in a scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces.

      2.    In furtherance of the scheme, Defendants knowingly and deliberately submit false reports to online platforms, including Amazon.com, in order to prevent third parties from reselling genuine products on the marketplace at competitive prices.

      3.    Defendants' nefarious actions cause consumers to pay more for common goods, undermine Amazon's competitive pricing policies, and intentionally caused harm to Plaintiff.

      4.    This action seeks redress for these tortious, defamatory, and anticompetitive activities.

090832\13\180086020.v1

-2-

## PARTIES

5. Plaintiff is a company organized and existing under the laws of the State of New York, with a place of business at 1845 East 18th Street, Brooklyn, New York 11229.

6. On information and belief, Defendant Nature's Plus is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 548 Broadhollow Road, Melville, New York 11747.

7. On information and belief, Defendant Napolitano is the Director of Sales Administration for Defendant Nature's Plus and was responsible for directing the unlawful acts described herein. Napolitano can be served at 548 Broadhollow Road, Melville, New York 11747.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

9. Defendants are subject to general jurisdiction in this Court because they reside in this District.

10. Defendants are subject to specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

11. On information and belief, Defendant Nature's Plus sells large quantities of various products, including dietary supplement products, to customers in New York, engages distributors based in New York, maintains an interactive website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York.

12. Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

13. On information and belief, Defendants' illegal acts against Plaintiff described below were made to further Defendants' transaction of business in New York by improperly excluding a New York competitor, Plaintiff, from conducting business in New York.

14. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

15. Defendant Nature's Plus is in the business of manufacturing and distributing dietary supplement products, including products sold under the Nature's Plus marks ("Nature's Plus Products").

16. Defendant Nature's Plus is the owner of U.S. Trademark Registration No. 2066716 for NATURE'S PLUS ("the Nature's Plus Registration").

17. Defendant Napolitano is an employee of Defendant Nature's Plus and committed the unlawful acts described herein.

18. Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

19. Plaintiff resells products through an Amazon storefront.

20. Since its formation, Plaintiff has served thousands of customers through its Amazon storefront.

21. Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

22. Upon information and belief, Amazon is the world's largest online retailer.

23. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

24. Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

25. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

26. From the outset, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

27. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

28. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

29. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

30. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

31. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

32. Plaintiff's Amazon storefront holds a near perfect customer rating.

33. A small sample of Plaintiff's recent reviews are shown below:



34. Any harm that comes to the relationship between Plaintiff and Amazon creates potential for serious and irreparable injury to Plaintiff.

090832\13\180086020.v1

## DEFENDANTS STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

35. On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the Nature's Plus Products, through unlawful means.

36. As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Nature's Plus Products on online marketplaces by false allegations and defamation.

37. On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Nature's Plus Products on Amazon.

38. On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

39. Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

40. Plaintiff is lawfully permitted to re-sell Nature's Plus Products without violating the rights of Defendants.

41. Once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights or other rights with regard to re-sellers, so long as the re-sellers are selling authentic products.

42. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement or other legal claim made by a brand owner, whether legitimate or not.

43. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

44. On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports to Amazon.

45. On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

46. Defendants filed complaints with Amazon that alleged that Plaintiff was selling Nature's Plus Products that infringed the Nature's Plus Registration.

47. Defendants filed complaints with Amazon that alleged that Plaintiff was selling stolen Nature's Plus Products.

48. Defendants knew, or should have known, that such allegations were false.

49. Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

50. On information and belief, the complaints were submitted by Defendant Napolitano under penalty of perjury.

51.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

52.     Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

53.     On or about August 8, 2025, Plaintiff received a notice from Amazon stating as follows:

**amazon**

```
Hello,

We received a report from a rights owner alleging that one or more of your
listings may be infringing on the intellectual property rights of others.
Amazon requires that listings do not infringe upon the intellectual
property rights of others in the store where the ASINs are listed. Listing
content infringing on the intellectual property of others is against our
policies:
https://sellercentral.amazon.com/gp/help/521

We removed one or more of your listings because we received a report from a
rights owner that they may violate the rights owner's trademark.

Have your listings been removed in error?
If you think that the rights owner has made an error in sending the notice,
reach out to the rights owner and ask them to submit a retraction of this
notice. Only retractions submitted by the rights owner directly to Amazon
will be accepted. Amazon does not accept forwarded or attached retractions.
Rights owner contact information is provided at the bottom of this email.
If the rights owner does not retract their complaint, or you do not provide
supporting information mentioned below, your contact information may be
provided to the rights owner upon their request.
```

-8-

```
We're here to help.
If you have questions about the violations or need help to submit appeals,
contact us to speak to an Account Health Specialist:
https://sellercentral.amazon.com/cu/contact-us/cmn/repeat

Has your account been deactivated in error?
If you believe the policy violations that caused your account deactivation
are incorrect, submit evidence or documentation demonstrating that your
account has not violated Amazon policies and we will investigate your
concern. You can do this via the Account Health page as specified above.

Your explanation should include the following information:
-- How your account has not violated the Intellectual Property policy.
-- Evidence that shows your account complies with our Intellectual Property
policy.

How do I submit this information?
Go to "Received Intellectual Property Complaints" under the "Product Policy
Compliance" section in Account Health:
https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa
Locate the deactivation record for this product listing. Click on the
"Appeal" button next to the listing deactivation record to submit
information necessary to reactivate your listing.

What happens if I do not provide the requested information?
If we do not receive a response, the listing will remain deactivated. The
violation record will remain on your Account Health page for up to 180 days
after the listing was deactivated or until the violation is successfully
disputed. Deleting your listing on this ASIN does not sufficiently address
the reason for the violation and will not result in its removal from your
Account Health page.

How do I reactivate my listing?
To reactivate your listing, you may provide the following:
-- A letter of authorization or a licensing agreement from the manufacturer
or rights owner demonstrating that your product sales are lawful. External
links are not accepted. For security reasons, we only accept attachments in
the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.
-- An invoice directly from the rights owner to indicate that your products
are original and are purchased from the rights owner directly. You can find
the contact information of the rights owner at the bottom of this message.

These are the rights owner's contact details:
-- Anthony Napolitano
-- compliance@naturesplus.com


Rights owner communication:
To whom it may concern,

My name is Anthony Napolitano, and I serve as the Directot of Sales
Administration at NaturesPlus. It has come to our attention that the Amazon
storefront "PRIME LIFE UNITED" (Storefront ID: A2G892L6HR939X) is selling a
significant quantity of ==stolen== NaturesPlus products on Amazon.com.
```

090832\13\180086020.v1

To date, we have conducted 18 test purchases from this storefront (order numbers are listed below). Based on the lot numbers and product tracking data, each of these units was originally intended for shipment to Belize City, Belize, but never arrived at their destination. These goods were stolen in transit, and we are actively investigating how PRIME LIFE UNITED obtained them. What is confirmed, however, is that these products were unlawfully acquired.

This conduct constitutes a violation of the law, Amazon's policies, and a direct infringement of NaturesPlus' intellectual property rights. Accordingly, we request that all NaturesPlus product offers by the storefront PRIME LIFE UNITED be immediately removed to prevent further distribution of these stolen goods.

We are prepared to cooperate fully with Amazon's enforcement team and law enforcement authorities as needed.

Thank you,

Anthony Napolitano
Director of Sales Administration

Order Numbers: 111-5006886-3230650, 111-8980247-8161008, 114-3353644-8446612, 111-9292897-8789044, 114-5664908-1717863, 111-4226818-1819457, 111-2346174-0129835, 111-6595493-9831426, 111-3718356-2808265, 111-6462983-6357008, 111-6998454-6189042, 111-1025496-7089026, 111-1123601-6885833, 114-6183153-5272225, 113-6666902-2553025, 114-6179553-2986631, 114-3609894-8640251, 111-0942474-8490622

PRIME LIFE UNITED NaturesPlus listings: B00553PALQ, B000YRQSPA, B004NG67EA, B00014FG3G, B00028PMR6, B00014I4T4, B0019LVAY4, B000MBXKJK, B000MBVO8E, B004B3WZ9G, B0079EDFIY, B000ZM7LOG, B005P0VAY0, B00028PNCU, B0B94WG3SQ, B004LWBI90, B07D84SMQQ, B0011FWLT6, B005D8RAWU, B00553PAHU, B00A2QEVR0, B00H7JQHJ0, B002NJHXM4, B001VG9A1W, B00014F95G, B0055CKAK8, B00028NA70, B0001VU4DG, B00H7JRBA4, B00014IIM2, B00028PUZA, B0001VU2VU, B0001VU8Y6, B001VGQJGQ, B00E038CKS, B01M8JKL8Z, B003BI2E1Q, B009D1N9BY, B000BCZD86, B00553PAEI, B00FZN83PQ, B0001VUELS, B0C6V3C4JT, B000MBXKJU, B0C6V3JV9D, B00014EAW4, B00427OPZI, B001810HYO, B00028MUXU, B00014G482, B07847YZQF, B00028N0CA, B0038M7LL8, B0019LRN4A, B00014FFAA, B00014DANO, B00H583KMU, B00H7JPWB4, B0001VU9FY, B00028NCHI, B007A2XLP2, B00014DRJQ, B09PT1HHTH

ASIN: B000YRQSPA
Infringement type: Trademark
Trademark number: 2066716
Complaint ID: 18229120121

You can view your account performance:
https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn
Alternatively, select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health page shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app:
https://itunes.apple.com/us/app/amazon-seller/id794141485
-- Download the Android app:

https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US

Amazon.com

54. The Nature's Plus Products identified in the above report are genuine.

55. The Nature's Plus Products identified in the above report were manufactured and distributed by Nature's Plus.

56. Prior to filing the above report, Defendants knew that the Nature's Plus Products sold by Plaintiff did not infringe Nature's Plus trademark rights or the Nature's Plus Registration.

57. Prior to filing the above report, Defendants knew that the Nature's Plus Products sold by Plaintiff were not stolen.

58. On information and belief, Defendants' allegation that the above Nature's Plus Product were infringing or stolen was knowingly false and made in bad faith.

59. On information and belief, Defendants have filed similar false complaints against other Amazon sellers.

**HARM TO PLAINTIFF**

60. As a result of the above false rights complaints, Plaintiff's listings relating to Nature's Plus Products were suspended, resulting in an immediate loss of revenue.

61. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

62. On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringe, result in selling suspensions.

63. On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

64. At no time has Plaintiff ever sold Nature's Plus Products that infringed any of Nature's Plus's intellectual property or other legal rights.

65. The Nature's Plus Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

66. Defendants knowingly made false intellectual property rights complaints against Plaintiff.

67. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

68. Plaintiff realleges and incorporates all previous paragraphs.

69. Defendants manufacture and distribute Nature's Plus Products and place such products into the stream of commerce.

70. Plaintiff stocks, displays, and resells new, genuine Nature's Plus Products, each bearing a true mark.

71. Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold Nature's Plus Products that infringed, *inter alia*, the Nature's Plus Registrations.

72. The Nature's Plus Products sold by Plaintiff were genuine and in their original packaging.

73. On information and belief, at the time that Defendants submitted their complaints to Amazon, Defendants purchased and examined the Nature's Plus Product offered for sale by Plaintiff.

74. Defendants' complaints caused the suspension of Plaintiff's selling privileges as they relate to Nature's Plus Products.

75. As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory of Nature's Plus Products on the Amazon.com platform.

76. Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

77. Under these facts, an actual controversy exists between Plaintiff and Defendants.

78. Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – DEFAMATION

79. Plaintiff realleges and incorporates all previous paragraphs.

80. Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff was selling infringing Nature's Plus Products that infringed the Nature's Plus Registrations.

81. Plaintiff did not infringe the Nature's Plus Registration.

82. Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff was selling stolen Nature's Plus Products.

83. Plaintiff did not sell stolen Nature's Plus Products.

84. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Nature's Plus Products.

85. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

-13-

86. Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

87. Defendants' false statements are not protected by any privilege.

88. Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

89. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation *per se*.

90. Here, Defendants published statements that Plaintiff was engaged in trademark infringement and distribution of stolen goods.

91. Defendants' false statements constitute defamation *per se*.

92. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Nature's Plus Products and damage to its relationship with Amazon and its customers.

93. Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Nature's Plus Products have been suspended and Plaintiff has lost sales of Nature's Plus Products and many other products.

94. Plaintiff is entitled to damages, costs, and fees as allowed by law.

95. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

96. Plaintiff realleges and incorporates all previous paragraphs.

97. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

98. Plaintiff is also in a contractual relationship with Amazon. Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

99. The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

100. At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

101. At all relevant times, Defendants were aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

102. Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

103. Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon, including a breach of Paragraph S-1.2 of the BSA.

104. Defendants intended to cause Amazon to suspend Plaintiff's ability to sell Nature's Plus Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

105. Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Nature's Plus Products on Amazon.

106. Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

107. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of Nature's Plus Products to be suspended.

108. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

109. The intentions of Defendants are demonstrated by the fact that Defendants did not perform any test purchases prior to alleging that the products sold by Plaintiff were infringing.

110. The intentions of Defendants are demonstrated by the fact that Defendants have never offered any coherent explanation for their reports of trademark infringement.

111. Defendants' accusations were false and were made maliciously and with ill will.

112. Plaintiff has been damaged by suspension of these listings by losing revenue related to Nature's Plus Products.

113. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

114. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the Nature's Plus Registration;

B. Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

C. Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D.      An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

E.      An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

F.      An award of all costs and fees incurred in this Action; and

G.      Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: October 22, 2025                       Respectfully submitted,

                                              TARTER KRINSKY & DROGIN LLP

                                              By: *s/ Mark Berkowitz*
                                                  Mark Berkowitz
                                                  1350 Broadway
                                                  New York, NY  10018
                                                  Tel.:   (212) 216-8000
                                                  Fax:    (212) 216-8001
                                                  E-mail: mberkowitz@tarterkrinsky.com

                                              *Attorneys for Plaintiff*